UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SUSAN ELIZABETH BLOSS,

       Plaintiff,

       v.                                          Civil No. 08-6230-HA

                                              OPINION AND ORDER

MICHAEL J. ASTRUE,
Comissioner of Social Security,

       Defendant.

---

HAGGERTY, District Judge:

       Plaintiff Susan Elizabeth Bloss seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After plaintiff sought an order reversing the decision of the Commissioner and remanding this action for an award of benefits, defendant Commissioner conceded that the Administrative Law Judge (ALJ) committed legal error in rendering his decision denying plaintiff benefits. For the following reasons, the Commissioner's decision is reversed and remanded for an award of benefits.

1  - ORDER

**ANALYSIS**

In light of defendant's concessions in this case, the administrative history and plaintiff's medical situation need not be reviewed extensively here.  As defendant concedes, the ALJ committed legal error.  This court does not find the error to be "arguably harmless" as defendant suggests, and this court is compelled to remand this action.  Def.'s Br. at 12.

The issue presented is whether the remand should result in further proceedings or an award of benefits.  As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases.  While the first two sentences of Section 405(g) establish this court's jurisdiction, the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner.  *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).  "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of awarding attorney's fees . . . even when the case has been remanded for further administrative action.  *Id*. (citing *Schaefer*, 509 U.S. at 297-302).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations:  where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297 n. 2).  "Unlike sentence four remands, sentence six remands do not constitute final judgments."  *Id*.

The issues presented here compel a remand under sentence four.  The decision whether to

remand under sentence four for further proceedings or for immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

"[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. "[I]n cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, 'to give financial assistance to disabled persons because they cannot sustain themselves.'" *Id*. (quoting *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995)).

Plaintiff asserts that the ALJ committed a number of errors in reaching his decision. Defendant concedes that the ALJ erred in failing to "mention Dr. Whiteley's conclusion that he could not imagine Bloss working fulltime without excessive absences." *Id*. A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

When the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is generally credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). The "crediting as true" doctrine may not be mandatory. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("[i]nstead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory"). This court construes the reasoning in *Connett* to permit some exercise of discretion in determining whether to credit a physician's improperly rejected testimony as true.

This court concludes that the testimony of Dr. Whiteley should be credited as true. The opinion proffered by Dr. Whiteley, plaintiff's treating psychiatrist, deserves controlling weight

because it is supported by acceptable diagnostic techniques and is consistent with other substantial evidence. *See Holohan*, 246 F.3d at 1202 (citation omitted). While defendant suggests that a plausible evaluation of the opinion presented by Dr. Whiteley might allow the ALJ to conclude that plaintiff could work without excessive absences, Def.'s Br. at 12, the medical opinion at issue is clear, and is consistent with other evidence in the record. Doctor Whiteley's opinion is credited as true.

Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). Under these standards, remand for a finding of disability and an award of benefits is appropriate here.

It is clear that the ALJ would be required to find plaintiff disabled if the evidence in question were credited, and additional proceedings are unnecessary. The record is fully developed, and further proceedings would serve no useful purpose. *See Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, the court should remand for payment of benefits). The record establishes that plaintiff cannot perform any substantial gainful work that exists in the national economy, and the case need not be returned to the ALJ. *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id.* (citations omitted). As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [his or] her obligation to develop the record.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

/ / / /

/ / / /

/ / / /

4   - ORDER

**CONCLUSION**

Given the foregoing, there are no outstanding issues in this matter to be resolved. The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, this court finds that plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act. Accordingly, the final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of DIB for plaintiff Susan Elizabeth Bloss.

IT IS SO ORDERED.

DATED this   30    day of September, 2009.

                                                              /s/ Ancer L. Haggerty
                                                                  Ancer L. Haggerty
                                                            United States District Judge